**NICON, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 99–982C.

United States Court of Federal Claims.

Dec. 21, 2001.

James S. Ganther, Tampa, FL, for plaintiff. Scott D. Clay, of counsel.

Allison A. Page, Washington, DC, with whom were Stuart E. Schiffer, Acting Assistant Attorney General, and Director David M. Cohen, for defendant.

### OPINION

FIRESTONE, Judge.

This action arises from a contract between plaintiff, Nicon Inc. ("Nicon"), and the Department of the Army, Corps of Engineers, Mobile District, to perform repair work at MacDill Air Force Base in Florida. Contract performance never began. The contract was terminated for convenience before a notice to proceed was issued. Following the termination, Nicon submitted a settlement proposal and was reimbursed for its direct costs

and associated overhead and profit. Nicon's additional claim for unabsorbed home office overhead was, however, denied. The present issue before the court is whether Nicon is entitled to unabsorbed home office overhead for the period between the date of the contract award and the termination for convenience. The matter is before the court on Nicon's motion for partial summary judgment on Count I of its complaint and the government's cross-motion for partial summary judgment.

### FACTS

The following background facts are not in dispute unless otherwise noted. On March 30, 1998, the Corps of Engineers ("the COE" or "the government") awarded to Nicon Contract No. DACA01–98–C–0033 for $1,423,624 to conduct repairs of Dorm 371 at MacDill Air Force Base in Hillsborough County, Florida. On April 3, 1998, a bid protest was filed with the Comptroller General of the United States by a disappointed bidder. In accordance with 31 U.S.C. § 3553 (year), the government suspended action on the contract pending the outcome of the protest. Thereafter, on April 23, 1998, the government notified Nicon that a bid protest had been filed and that Nicon should "take no further actions as to the preparation and forwarding of submittals" in connection with the contract. Nicon wrote back to the COE on April 24 stating that it had "ceased any further mobilization efforts." No performance or payment bonds were ever issued to Nicon on the contract.

On July 15, 1998, the bid protest was dismissed by the Comptroller General. However, the COE did not direct Nicon to proceed. After several months of waiting for the notice to proceed, Nicon, on October 14, 1998, wrote to the COE complaining about the delay. The COE did not respond and Nicon again wrote to the COE seeking permission to proceed. Finally, on January 12, 1999, the COE terminated the contract for convenience.

Nicon submitted a Termination Settlement Proposal seeking reimbursement of its direct costs and associated overhead and profit. In addition, Nicon claimed delay damages, including the unabsorbed home office overhead costs for the period of time between contract award and the notice of termination at issue here. Nicon's settlement proposal and the underlying financial data were audited by the Defense Contract Audit Agency.

On October 25, 1999, the COE's contracting officer issued his decision granting Nicon's claim in part and denying it in part. The contracting officer agreed to pay Nicon $187,757 in direct costs, related overhead, and profit, but denied Nicon's claims for delay damages. The contracting officer stated with respect to Nicon's claim of $387,513.86 for 291 days of alleged unabsorbed home office overhead:

> [I]t is my determination, as Contracting Officer, that the use of the *Eichleay* formula[1] by Nicon in determining unabsorbed overhead is not appropriate. During the contract period Nicon did not generate any contract billings.... The *Eichleay* formula is the only method for determining unabsorbed overhead costs .... The application of all components of the *Eichleay* formula is essential .... [The *Eichleay* formula requires proof of contract billings, days of performance, and days of delay.] Since no contract billings were generated, there can be no fixed overhead costs allocable to the terminated contract using the basic *Eichleay* formula.

The contracting officer further stated that Nicon had failed to establish the prerequisites for *Eichleay* damages. The two prerequisites to application of the *Eichleay* formula are: (1) that the contractor be on standby; and (2) that the contractor be unable to take on other work. The contracting officer determined that Nicon had, in fact, taken on 200 contracts during the period in question.

---

1. The *Eichleay* formula is used to calculate a contractor's daily unabsorbed overhead; the amount is then multiplied by the number of days of government-caused performance delay to determine the contractor's damages. As discussed *infra*, the Federal Circuit has held that the *Eichleay* formula is the exclusive means of computing unabsorbed overhead.

## THE PRESENT LITIGATION

On December 8, 1999, Nicon filed the present action in this court seeking the delay damages denied by the contracting officer. On July 20, 2000, Nicon filed a motion for partial summary judgment in which it argued that it is entitled to judgment on Count I of its complaint regarding its claim for *Eichleay* pre-termination home office overhead expenses. Nicon contends that it has satisfied the prerequisites for *Eichleay* damages. In support of its motion, Nicon filed the declaration of Joseph D. Lopez, President of Nicon, who states that Nicon began contract performance preparations after receiving notification of the contract award. According to the declaration, after the government suspended performance of the contract, Nicon was never relieved of its obligation to stand ready to commence contract performance. For 291 days, Nicon was allegedly required by the government to remain on standby, and for this reason was unable to take on other work. Lopez states that, had Nicon been given the notice to proceed, Nicon could have completed the contract within the 271 days originally provided for in the contract.

The government filed a cross-motion for partial summary judgment on July 6, 2001, in which it argues that Nicon has no legal right to unabsorbed home office overhead for the period between contract award and contract termination. According to the government, Nicon is not entitled to unabsorbed home office overhead because it never received a notice to proceed, and thus never started "performance" of the contract. The government contends that the Federal Circuit has made plain that the *Eichleay* formula requires the contractor to establish actual days of contract performance and actual contract billings. Here, because Nicon did not bill under the contract and did not have any days of contract performance, applying the *Eichleay* formula to Nicon's facts results in a zero recovery.

The government explains that the *Eichleay* formula is intended to reimburse contractors where the government causes delay *during* the contract performance period. Where, as here, the contractor never began contract performance, there is no basis for use of the *Eichleay* formula. The government also contends that Nicon cannot meet the eligibility criteria for unabsorbed home office overhead, in any event. According to the affidavits filed by the government, Nicon was not on standby and was able to take on additional work.

Following the filing of supplemental briefs, oral argument was held on December 13, 2001.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to summary judgment as a matter of law. *See* Rule 56(c) of the United States Court of Federal Claims; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although the parties dispute whether Nicon satisfied the eligibility criteria for the use of the *Eichleay* formula, those factual disputes are not relevant to the disposition of Count I of Nicon's complaint. Instead, disposition of Count I turns on the proper construction and use of the *Eichleay* formula, which presents a pure question of law amenable to summary judgment. *See Perry v. Martin Marietta Corp.,* 47 F.3d 1134, 1137 (Fed.Cir.1995).

## DISCUSSION

### A. The Federal Circuit Has Approved a Specific *Eichleay* Formula.

The issue before the court turns on the application of the *Eichleay* formula. For this reason, a brief discussion of the *Eichleay* formula and the Federal Circuit's decisions regarding its application are in order. The *Eichleay* formula derives its name from an Armed Services Board of Contract Appeals case. *See Eichleay Corp.,* ASBCA No. 5183 (Jul. 29, 1960), 60–2 BCA ¶ 2688, *aff'd on recon.,* 61–1 BCA ¶ 2894. The *Eichleay* formula provides as follows:

1) to find allocable contract overhead, multiply the total overhead cost incurred during the contract period times the ratio of billings from the delayed contract to total billings of the firm during the contract period;

2) to get the daily contract overhead rate, divide allocable contract overhead by days of contract performance; and

3) to get the amount recoverable, multiply the daily contract overhead rate times days of government-caused delay.

*See Capital Elec. Co. v. United States*, 729 F.2d 743, 747 (Fed.Cir.1984).

■■■■ The Federal Circuit has held that "recovery under the *Eichleay* formula is an extraordinary remedy designed to compensate a contractor for unabsorbed overhead costs that accrue when contract completion requires more time than originally anticipated because of a government-caused delay." *Charles G. Williams Const., Inc. v. White*, 271 F.3d 1055, 1058 (Fed.Cir.2001) (quoting *West v. All State Boiler, Inc.*, 146 F.3d 1368, 1377 (Fed.Cir.1998)). The Federal Circuit has also held that the *Eichleay* formula is the exclusive means available for calculating unabsorbed overhead to the delayed contract. *Wickham Contracting Co. v. Fischer*, 12 F.3d 1574, 1580 (1994). *See also Melka Marine, Inc. v. United States*, 187 F.3d 1370, 1374–75 (1999); *E.R. Mitchell Constr. Co. v. Danzig*, 175 F.3d 1369, 1372 (Fed.Cir.1999).

Nicon concedes that its "contract performance" was not delayed. Nicon also concedes that it never submitted any "contract billings." Nonetheless, Nicon contends that these facts are not fatal to its claim. Instead, Nicon argues that where, as here, contract performance never started but the government delayed the notice to proceed and then terminated the contract, the original contract price should be used in the formula for the amount of "contract billings" and the anticipated period of contract performance should be used for the "actual days of performance." Nicon contends that by using these amounts in the *Eichleay* formula, Nicon will be made whole.

According to the government, the formula that Nicon asks the court to apply is not the *Eichleay* formula, but instead a well-recognized modification of it.[2] Under the formula Nicon proposes, the contract price is divided by the total billings for the contract period.

Then, the overhead allocable to the contract is divided by the projected days of contract performance. A review of the literature on unabsorbed overhead damages has revealed that Nicon's proposed formula was in fact a separate formula that had been used in the past to calculate unabsorbed overhead. Nicon's proposed formula was, however, replaced by the *Eichleay* formula as discussed in *Capital Electric Company*, and the *Eichleay* formula is now the only formula allowed by the Circuit. *See Melka*, 187 F.3d at 1374–75.

## B. The *Eichleay* Formula May Not Be Modified.

■■■ It is beyond question that the Federal Circuit has repeatedly held that the *Eichleay* formula is the exclusive formula for determining unabsorbed home office overhead, where the prerequisites for such damages are otherwise met. *See Melka*, 187 F.3d at 1374–75 (citing *E.R. Mitchell Constr. Co.*, 175 F.3d at 1372). Here, even assuming Nicon could show that it met the prerequisites for unabsorbed overhead established by the Federal Circuit, the formula that Nicon proposes is not the *Eichleay* formula. Because Nicon seeks unabsorbed overhead under a formula that is not recognized by the Federal Circuit, its claim must be rejected.

■■■ In addition, Nicon's contention that this court must apply its proposed formula to fulfill the purposes of *Eichleay* is not supported. Nicon's underlying assumption that every government-caused delay necessarily carries with it a "right" to *Eichleay* damages is not correct. A review of the case law demonstrates that *Eichleay* applies only where "contract performance" has been delayed, and not simply where there is government-caused delay. As the Federal Circuit explained in *Altmayer v. Johnson*, 79 F.3d 1129 (Fed.Cir.1996):

In contracting with the government, a company necessarily includes a portion of home office overhead expenses, which it calculates based on the contract's duration,

---

2. *See* Linda L. Shapiro & Margaret M. Worthington, "Use of the Eichleay Formula To Calculate Unabsorbed Overhead For Government–Caused Delay Under Manufacturing Contracts," 25 Pub. Cont. L.J. 513, 536 (1996).

in its estimate of costs to perform the contract. When the government delays or disrupts *contract performance*, ultimately requiring that it be extended, the contractor's stream of income from the government for the direct costs it has incurred under the contract is reduced or interrupted.

*Id.* at 1132 (emphasis added). Indeed, the Federal Circuit has expressly ruled—in a case involving a delay in issuing a notice to proceed—that *Eichleay* damages are only available where the delay in issuing the notice to proceed also delayed the contractor's contract performance. *See Interstate Gen. Gov't. Contractors, Inc. v. West,* 12 F.3d 1053 (Fed.Cir.1993). In *Interstate* the Federal Circuit stated: "Where a contractor is able to meet the original contract deadline or, as here, to finish early despite a government-caused delay, the originally bargained for time period for absorbing home office overhead through contract performance payments has not been extended." *Id.* at 1058.[3] Here, Nicon does not allege that its contract performance was delayed, but only that the notice to proceed was delayed.

Although the court is not unsympathetic to Nicon's policy arguments, the court is not free to apply the alternative formula that Nicon proposes. In addition, application of the *Eichleay* formula to Nicon's circumstances plainly yields a $0 result. Nicon has not identified any other authority that would allow the court to award it unabsorbed overhead costs. Accordingly, Count I of Nicon's complaint must be dismissed.

## CONCLUSION

For the aforementioned reasons, the government's cross-motion for partial summary judgment is **GRANTED** and the plaintiff's motion for partial summary judgment is **DENIED**. The parties shall report back to the court by **Monday, January 14, 2002,** with a schedule for resolving the remaining count in the complaint.

---

**3.** While the Circuit went on to recognize that there may be circumstances where a contractor may obtain *Eichleay* damages where contract performance has not been delayed beyond the period provided for in the contract, that exception is not relevant here. The Circuit ruled that where the contractor can establish that it had always intended to complete the contract earlier than the time provided for in the contract, had the ability to complete it early, and would have done so but for the government's actions, the contractor may be entitled to *Eichleay* damages. Nicon has not alleged any facts to support an *Eichleay* claim under the test set forth in *Interstate.*